■ In the Matter of MANULELA ALLEN, Respondent-Appellant, v WILLIAM ALLEN, Respondent, and MARVA HAMMONS, Appellant-Respondent. [653 NYS2d 661] —In a support proceeding pursuant to Family Court Act article 4, (1) the New York City Department of Social Services appeals, as limited by its brief, from so much of an order of the Family Court, Queens County (De Phillips, J.), dated October 25, 1995, as denied its objections to an order of the same court (Gartner, H.E.), dated August 10, 1995, which *inter alia,* awarded the petitioner support in the amount of $600 per month, and remitted the matter to the Hearing Examiner to make specific written findings as to the petitioner's expenses, and (2) the petitioner appeals, as limited by her brief, from so much of an order of the same court dated April 16, 1996, as denied her objections to so much of the order of the Hearing Examiner, dated February 6, 1996, made after remittal, as determined that she was not entitled to an award of support in the amount of $764 per month, and the New York City Department of Social Services cross-appeals, as limited by its brief, from so much of the same order as denied its objections to the order of the Hearing Examiner made after remittal, confirmed the award to the petitioner of support in the amount of $600 per month, and denied its cross petition which sought support from petitioner for her institutionalized spouse.

Ordered that the appeal from the order dated October 25, 1995, is dismissed, as that order is not appealable as of right and leave has not been granted (Family Ct Act § 1112); and it is further,

Ordered that the order dated April 16, 1996, is modified, on the law, by deleting therefrom the provision confirming the determination of the Hearing Examiner to the extent that the petitioner was awarded $600 per month in support from the income of the institutionalized spouse, and substituting therefor a provision denying the petition in its entirety; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The petitioner, the spouse of an institutionalized husband, sought an award of monthly support from him, and was awarded $600 by the Hearing Examiner. She filed objections to the award, seeking to increase it from $600 to $764 per month, which is the total monthly amount of her husband's Social Security income. The New York City Department of Social Ser-

vices also filed objections to the Hearing Examiner's award, seeking to reverse the award of support to the petitioner and further, to have an award of support entered against her and in favor of her husband in the amount of $330 per month.

We find that the petitioner is not in "significant financial distress" (42 USC § 1396r-5 [e] [2] [B]; Social Services Law § 366-c [8] [b]; 18 NYCRR 360-4.10 [a] [10]) so as to warrant the award of support. Among her monthly expenses she claims the cost of maintaining a second residence (a retirement home), and she has $100 deducted from her weekly paycheck for an annuity fund. A spouse is not prohibited from owning a second residence. However, to the extent that its maintenance increases the petitioner's monthly expenses so that she cannot make ends meet on her salary, which already exceeds the minimum monthly maintenance needs allowance for the spouse of one residing in a nursing facility and receiving medical assistance (i.e., Medicaid) (see, 42 USC § 1396r-5 [d] [3]; Social Services Law § 366-c [2] [h]; 18 NYCRR 360-4.10 [a] [8]), the petitioner failed to establish her true need of any portion of her husband's Social Security income to avert significant financial distress. Under these circumstances, the petitioner is not entitled to the support she seeks, even if the credit card debt she claims would otherwise constitute exceptional circumstances under 18 NYCRR 360-4.10 (a) (10). The petitioner's further claims of other expenses and debts, which she maintains would also constitute exceptional circumstances resulting in significant financial distress, were not sufficiently established at the hearing.

We also find that the denial of the cross petition of the New York City Department of Social Services for spousal support from the petitioner pursuant to Family Court Act § 415 and Social Services Law § 366-c, was not an improvident exercise of discretion on this record (see, Family Ct Act §§ 415, 445). Miller, J. P., Joy, Altman and Goldstein, JJ., concur.